Settle order on one day's notice.

---

## MOORE v. BOARD OF ALDERMEN OF CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. July 13, 1916.)

1. STATES  ⟨≈⟩27—ASSEMBLY DISTRICTS—LAYING OUT—REVIEW—PRESUMPTIONS.

> Under Const. art. 3, § 5, providing that "in counties having more than one senate district, the same number of assembly districts shall be put in each senate district unless the assembly districts cannot be evenly divided among the senate districts of any county, in which case one more assembly district shall be put in the senate district in such county having the largest, or one less assembly district shall be put in the senate district in such county having the smallest number of inhabitants, excluding aliens. as the case may require," where there were 8 senate districts and 23 assembly districts in a county, it must be presumed, on application to compel the board of aldermen apportioning a senate district into assembly districts to reconvene and reapportion it, that the board, in laying out but 2 assembly districts in the senate district in question, while in other senate districts in the county there were 3 assembly districts, complied with the Constitution, where the application does not allege that the senate district in question was not the one having the smallest number of inhabitants.

> [Ed. Note.—For other cases, see States, Cent. Dig. §§ 28–33; Dec. Dig. ⟨≈⟩27.]

2. STATES ⚖═27—ASSEMBLY DISTRICTS—APPORTIONMENT—COMPACTNESS—DIF-
FERENCE IN POPULATION.

Under Const. art. 3, § 5, providing for division of counties into assembly districts "as nearly equal in number of inhabitants, excluding aliens, as may be, of convenient and contiguous territory in as compact form as practicable," and providing that no assembly district shall "contain a greater excess in population over an adjoining district in the same senate district than the population of a town or block therein adjoining such assembly district," and that "towns or blocks, which, from their location, may be included in either of two districts, shall be so placed as to make said districts most nearly equal in number of inhabitants, excluding aliens," where two assembly districts in a senate district contained, respectively, 90,481 and 89,656 inhabitants, the difference being greater than the number of inhabitants in any block on the dividing line between them, and the larger district had an end, or tail, consisting of six blocks, and the straight line of division between the districts was varied by including another block, the apportionment was invalid, where no necessity for such apportionment arising out of other provisions of the Constitution was shown or explanation made of the manner of apportionment.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 28-33; Dec. Dig. ⚖═27.]

3. STATES ⚖═27—ASSEMBLY DISTRICTS—APPORTIONMENT.

Under this constitutional provision, the reasons for violation thereof are immaterial, where they show no necessity arising out of a compliance with other provisions of the Constitution.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 28-33; Dec. Dig. ⚖═27.]

4. STATES ⚖═27—ASSEMBLY DISTRICTS—APPORTIONMENT—TRIVIAL ERRORS.

A difference in population between two assembly districts in the same senate district greater than the population of any of the blocks on the boundary line between them cannot be permitted, unless the difference is so small as to be trivial.

[Ed. Note.—For other cases, see States, Cent. Dig. §§ 28-33; Dec. Dig. ⚖═27.]

Application by Jesse D. Moore for writ of mandamus against the Board of Aldermen of the City of New York. Application granted, and writ directed to issue.

Mortimer J. Wohl, of New York City, for petitioner.

Lamar Hardy, Corp. Counsel, of New York City (Thomas F. Magner and George A. Green, both of Brooklyn, of counsel), for board of aldermen.

CROPSEY, J. [1] This application seeks to compel the board of aldermen of the city of New York to reconvene and reapportion the Fourth senate district of the county of Kings into assembly districts. The board has laid out but 2 assembly districts in this senate district, while in every other district in this county there are 3 assembly districts. The petitioner complains of this alleged discrimination, but there is nothing to show that that senate district was discriminated against. There are 8 senate districts in the county, and only 23 assembly districts. Consequently 1 of the senate districts could contain but 2 assembly districts. The Constitution provides that in such a case the senate district which must have the lesser number of assembly districts is the one having the smallest number of inhabitants.

Article 3, § 5. There is no allegation that the Fourth senate district was not the one having the smallest number of inhabitants. It must therefore be presumed that the board of aldermen complied with the provision of the Constitution, and that the petitioner has no just cause for complaint in this respect.

[2] The petitioner also attacks the apportionment on the ground of inequality of population, on the ground that one of the districts contains a greater excess in population over the other district than the population of a block therein adjoining the other district, and on the further ground that the districts are not as compact as practicable. None of the allegations of the petition is denied. They show that the Fifteenth assembly district contains 90,481 inhabitants and the Nineteenth assembly district 89,656, a difference of 825. They further show that this difference is greater than the number of inhabitants in any block of the Fifteenth district which adjoins the Nineteenth district.

[3] As to compactness, the maps and papers show that the Fifteenth district has an end, or tail, consisting of six blocks, forming the appearance of a ladder, and that at another portion of the boundary line between the districts the otherwise straight line of division has been varied and the boundary line has been run around another block. . The petitioner claims to set forth the reason this block was included; and, while these allegations are not denied, they are immaterial, as they show no necessity arising out of a compliance with other provisions of the Constitution. People ex rel. Carter v. Rice, 135 N. Y. 473, 511, 31 N. E. 921, 16 L. R. A. 836. This application, therefore, must be decided solely upon consideration of whether the provisions of the Constitution have been violated with respect to compactness and to population.

[4] The provisions of the different Constitutions and the decisions of the courts affecting matters of apportionment have been referred to and considered in Matter of Livingston, 160 N. Y. Supp. 462, decided herewith. Hence no discussion of them will be had here. Under that decision and the authorities there cited, it seems clear that this apportionment is invalid. The inequality in population is substantial. Clearly, the Constitution requires the population of adjoining assembly districts in the same senate district to be as nearly equal as possible. This is not the case in the apportionment now being considered. The difference in population is greater than the population of any of the blocks on the boundary line between the two districts. This clearly cannot be permitted unless that difference is so small, as was pointed out in Matter of Livingston (decided herewith), as to be trivial. Here it is not trivial.

In Matter of Young (no opinion written), a proceeding similar to this and which came on with this, the board of aldermen consented to the issuance of a writ. The difference in population in the districts therein involved, as shown by the papers, was 640 between two of the districts and 1,687 between others.

In comparison with the districts involved in Matter of Livingston, the districts herein are compact in form, but they are not as compact

as they can be and should be. No explanation whatever is offered by the respondents for having included the single block referred to, thus making it practically a pocket in one district, nor for having added to the end of that district the six blocks in a vertical line. If this had been necessary in order to comply with some other provision of the Constitution, such as convenience, it might have been justified, and so could be sustained, but no such claim is made. Nor is there any basis for making it. The motion papers show that the districts can be laid out without such irregularities. It must therefore be held that this apportionment also violates the provisions relating to the form of the districts.

The application is granted, with $50 costs, and a writ of mandamus is directed to issue, requiring the board of aldermen to reconvene and to reapportion the Fourth senate district of this county into assembly districts, as required by the provisions of the Constitution and the laws of the state.

Settle order and form of writ on one day's notice.